**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alfredo ANAYA–SANCHEZ, true name**
**Jose Arturo Sanchez–Anaya,**
**Defendant–Appellant.**

No. 00–50401.

D.C. No. CR–00–01003–WBE.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2001.

Decided Aug. 17, 2001.

Before HUG, GRABER, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

■ The threshold issue is whether the court has jurisdiction over this appeal. We conclude that we do not. Appellant's plea agreement contains a waiver of his right to appeal. "Plea agreements are contractual in nature and are measured by contract law standards." *United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir.2000) (internal quotation marks and citations omitted). Appellant contends that the government breached the plea agreement by not making agreed-upon sentencing recommendations. He argues that this alleged breach operated to relieve him of his waiver of appellate rights. We reject this argument, holding instead that the government validly exercised an option contained in the plea agreement itself.

■ The plea agreement provided at Part XII: "If the defendant . . . engages in additional criminal conduct . . . the Government will not be bound by the recommendations in this agreement, and may recommend any lawful sentence." Appellant did engage in additional criminal conduct. Presenting himself as his brother (his alias) at his disposition hearing in the district court, Appellant *swore* to tell the truth but instead affirmed a recount of the crime that named his brother, rather than himself, as the perpetrator. This is perjury in violation of 18 U.S.C. § 1621. Additionally, Appellant made material false statements to the probation officer in violation of 18 U.S.C. § 1101. *See United States v. Gonzalez–Mares*, 752 F.2d 1485, 1492–93 (9th Cir.1985); *see also Brogan v. United States*, 522 U.S. 398, 404–06, 118 S.Ct. 805, 139 L.Ed.2d 830 (1998); *cf. United States v. Verdin*, 243 F.3d 1174, 1180 (9th Cir.2001). Because Appellant engaged in additional criminal conduct, the government was allowed, under the plea agreement, to recommend any lawful sentence.

APPEAL DISMISSED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.